IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16–5–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BRAD DANIEL BARTLE, | |
| Defendant. | |

Before the Court is Defendant Brad Daniel Bartle's Unopposed Motion for Early Termination of Supervision. (Doc. 107.) The United States does not oppose. (*Id.* at 2.) United States Probation Officer Matt Rohan does not oppose. (*Id.* at 1.) For the reasons below, the Court grants the Motion.

**Background**

On August 26, 2016, Defendant was sentenced for conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (Doc. 51.) The Court sentenced Defendant to 72 months of imprisonment, followed by four years of supervised release. (*Id.* at 2–3.) Defendant began serving his term of supervision on September 28, 2021. (Doc. 108 at 3.)

1

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that his supervised release should be terminated because all of the relevant § 3553(a) considerations support termination. (Doc. 108 at 5.) Since Defendant's arrest he has been sober. (*Id.*) During the prosecution of this case, the Court released Defendant from custody with pretrial supervision. (*Id.*) Over the course of six months of pretrial supervision, Defendant remained compliant with the conditions of release. (*Id.*) Likewise, since Defendant's release

from custody in 2021, he has been compliant with the terms of supervised release. (*Id.*)

It is evident to the Court that Defendant has successfully reintegrated into the community and is committed to sobriety. The Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 107) is GRANTED. Brad Daniel Bartle's term of supervised release is TERMINATED as of the date of this Order.

DATED this 29th day of January, 2025.

_____
Dana L. Christensen, District Judge
United States District Court